**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSE ADALBERTO MEJIA FUENTES<br>    "Petitioner," | §<br>§<br>§ | |
| v. | §<br>§<br>§ | Civil Action No. 1:25-cv-00231 |
| MIGUEL VERGARA, *et al.,*<br>    "Respondents." | §<br>§<br>§ | |

## ORDER

Before the Court are Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief" (Dkt. No. 1) ("Petition"), "Petitioner's Response to Order to Show Cause" (Dkt. No. 4) ("Show Cause"), Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 13) ("MSJ"), and "Petitioner's Statement Showing Why Buenrostro-Mendez v. Bondi Does not Result in Denial of His Petition" (Dkt. No. 17) ("Statement"). For these reasons, the Petition (Dkt. No. 1) is **DENIED without prejudice**.

## I.    BACKGROUND

Petitioner is a citizen and national of El Salvador. Dkt. No. 1 at 3. On June 8, 2018, Petitioner entered the United States without inspection. *Id.* In August 2025, Immigration and Customs Enforcement ("ICE") apprehended Petitioner and placed him in custody at the Port Isabel Processing Center in Los Fresnos, Texas. *Id.* at 4. On October 14, 2025, Petitioner filed his Petition challenging Respondents' authority to detain him. *Id.* Respondents filed an MSJ countering that Petitioner is properly detained under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") as an "applicant for admission." Dkt. No. 13 at 3.

On December 9, 2025, while his Petition was pending, an Immigration Judge ("IJ") ordered Petitioner removed. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation, (last visited Mar. 22, 2026). Petitioner appealed this decision to the Board of Immigration Appeals ("BIA") on December 11, 2025. *Id.* That appeal remains pending. *Id.*

While this case was pending, the Fifth Circuit issued its decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Understanding *Buenrostro-Mendez* to foreclose the statutory basis of Petitioner's habeas challenge, the Court ordered Petitioner to file a statement showing why the Court should not dismiss the Petition. *See* Dkt. No. 16. Petitioner offered several arguments in response: (1) Respondents improperly terminated Petitioner's Temporary Protected Status[1] ("TPS"); rendering his detention unlawful; (2) Respondents detained him pursuant to a warrantless arrest in violation of the Fourth Amendment; and (3) Respondents detention of Petitioner without bond amounts to a due process violation. Dkt. No. 17 at 1.

## II.    DISCUSSION

Petitioner is not entitled to habeas relief on any of these theories.

First, the Court doubts whether Petitioner is, as he claims in his Statement, a TPS beneficiary for Venezuela. Dkt. No. 17 at 2. Petitioner is an El Salvadorian national, Dkt. Nos. 1 at 3 & 1-1 at 4, so he cannot be a TPS beneficiary for Venezuela.[2] *See United States v. Orellana*, 405 F.3d 360, 363 (5th Cir. 2005) ("[i]n order for an alien to be eligible for TPS, the alien must first be a national of a foreign state "designated" by the Attorney General"). Petitioner has presented no evidence  he received TPS status for El Salvador. *See* Dkt. Nos. 1, 4 & 7. Even if the Statement mistakenly mentions Venezuela in lieu of El Salvador, the Court remains skeptical of Petitioner's alleged TPS status. To be TPS eligible, an alien must show, among other things, continuous residence in the United States since the designated date. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668-69 (5th Cir. 2012) (citing 8 U.S.C. 1254a(c)(1)(A))). Here, March 9, 2001 is the TPS designation date for El Salvador, while February 13, 2001 is the "designated date" for continuous residence purposes. *Castillo-Enriquez*, 690 F.3d at 669.[3] As Petitioner concededly entered the United States on June 8, 2018, Dkt. No. 1 at 3, he has not continuously resided in the country since the "designated date." *See Castillo-Enriquez*, 690 F.3d at 669 (finding that an El

---

[1] TPS is a "discretionary form of relief that allows noncitizens to remain in the United States" *Tobar v. Garland*, 65 F.4th 195, 196 (5th Cir. 2023).

[2] The Court notes that this argument from Petitioner's statement appears to have been copied and pasted from another of counsel's cases. While such practice is disfavored, as explained, it does not otherwise affect the Court's analysis.

[3] *See also* USCIS, Temporary Protected Status Designated Country: El Salvador, https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-el-salvador (last visited Mar. 23, 2026).

Salvadorian national who entered the U.S. in July 2002 was not TPS eligible on these grounds). Based on the facts alleged by Petitioner, the Court cannot offer habeas relief on this basis.

The Court likewise finds Petitioner's Fourth Amendment claim unavailing. Petitioner argues that Respondents cannot, consistent with the Fourth Amendment, "execute a warrantless arrest of a cooperative, compliant individual." Dkt. No. 17 at 4. This claim fails because it relies on the flawed premise that Respondents detained him under § 1226(a), which requires a warrant, rather than § 1225(b), which does not. *See Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Petitioner arrives there using an interpretation of § 1225(b)(2) and §1226(a) that the *Buenrostro-Mendez* Court expressly rejected.

Finally, Petitioner's Due Process Clause claims[4] are currently precluded by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "detention during removal proceedings is a constitutionally permissible part of that process." *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (explaining that § 1225(b)(1) and § 1225(b)(2) mandate detention of applicants for admission until certain proceedings have concluded.). In reaching its decision, the majority acknowledged that detention may extend modestly where the alien appeals an IJ decision to the BIA. *Demore*, 538 U.S. at 529. Even so, such continued detention remains constitutionally permissible so long as it continues to serve the purpose of effecting removal. *Id.*

Here, Petitioner appeared before an IJ in October 2025 and was ordered removed in December 2025. He timely appealed on December 14, 2025, which remains pending. This timeline reflects no undue delay in the removal process. Although Petitioner remains detained, his detention does not demonstrate any constitutionally suspect circumstances, particularly when measured against the appeal timeline contemplated in *Demore*. *Id.* Finding no indication that Petitioner's detention has ceased to bear a reasonable relation to the purpose of carrying out removal, the Court finds habeas relief unwarranted on Fifth Amendment grounds.

---

[4] Petitioner also argues that "where a noncitizen has previously been released from DHS custody, the government may not re-arrest absent a change of individual circumstances." Dkt. No. 17 at 3. Petitioner appears to glean this principle from *Matter of Sugay*, 17 I.& N. Dec. 637, 640 (BIA 1981), which he cites in support. *Id.* But this Court is unpersuaded by this argument, particularly where Petitioner offers no language either in 8 U.S.C. § 1226(b) or any corresponding regulation that would limit the Attorney General's discretion to revoke parole. *See Walker v. Johnston*, 312 U.S. 275, 286 (1941) (placing the burden of proof regarding unlawful confinement on the petitioner). And while Petitioner further claims that Respondents' failure to show changed circumstances "violates the INA, the APA, and the Fifth Amendment's prohibition on arbitrary detention[,]" Dkt. No. 17 at 3, he fails to specify how or even which provisions of the statutes he references. Without more, the Court cannot grant relief on these grounds.

## III.   CONCLUSION

For these reasons, the Petition (Dkt. No. 1) is **DENIED without prejudice**. Respondents' MSJ (Dkt. No. 13) is further **DENIED** as moot. The Clerk of the Court is **INSTRUCTED** to close this case.

Signed on this 9th day of April 2026.

Rolando Olvera
United States District Judge